IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAYNARD HIRSCH,<br><br>      **Plaintiff,**<br><br>      v.<br><br>BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br><br>      **Defendant.** | Civil Action No.<br><br>Judge<br><br><br><br>Trial by Jury Demanded |

## COMPLAINT

Now comes Plaintiff, MAYNARD HIRSCH, by and through his attorney, Kenneth A. Henry, and, for his Complaint against Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, alleges and states as follows:

## NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* ("ADEA"), and by virtue of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3), and Sections 7(b) and (c) of the ADEA, 29 U.S.C.§626(b) and (c),and 42 U.S.C. § 2000e-5, 42 U.S.C. § 1988, and 42 U.S.C. § 12117.

3. Venue is proper in this District and Division by virtue of 28 U.S.C. § 1391(b) in that the deprivation of rights complained of herein occurred in this District and Division.

4. Plaintiff has met all administrative prerequisites to suit in that, on April 28, 2014, HIRSCH filed a timely charge of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission as Charge No. 440-2014-03341, a copy of which is attached hereto and made a part hereof as Exhibit A. Plaintiff received a "Dismissal and Notice of Rights" letter on or about May 5, 2014, a copy of which is attached hereto and made a part

hereof as Exhibit B, and brings this action within the limitations period of 29 U.S.C. § 626(e) and 42 U.S.C. § 2000e, *et seq*.

## PARTIES

5.  MAYNARD HIRSCH ("Plaintiff" or "HIRSCH"), at all times relevant hereto, was a Caucasian Jewish male at least forty (40) years of age and was a resident of Cook County, Illinois. From August 2005 to the present time, Plaintiff has been an employee of Defendant Board of Education of the City of Chicago.

6.  Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO ("Defendant" or "CPS"), is and was, at all relevant times, an employer within the definition of 29 U.S.C. §630(b). At all times relevant hereto, Defendant has been engaged in the business of operating public schools in the City of Chicago.

## COMMON ALLEGATIONS

7.  At all times relevant hereto, CPS was aware that HIRSCH was forty (40) years of age or older, Caucasian, and Jewish.

8.  At all times relevant hereto, HIRSCH has performed his job in a manner that was satisfactory or better; has always met or exceeded CPS's expectations; and has never been disciplined for abuse, neglect or performance related reasons.

9.  From 2010 to the present, HIRSCH has filed numerous grievances against CPS pursuant to the collective bargaining agreement(s) by and between CPS and the Chicago Teachers' Union.

10. In 2010 and 2012, HIRSCH filed two (2) charges of age discrimination and retaliation against with the United States Equal Employment Opportunity Commission ("EEOC") against CPS, EEOC Charge Nos. 440-201-01560 and 440-2012-01445. Subsequently, on or about January 27, 2012, HIRSCH filed an action against CPS for age discrimination and retaliation in the United States District Court for the northern District of Illinois, Civil Action Number 12 CV-00520. This case was settled by the parties and, on August 29, 2013, the case was dismissed pursuant to the Stipulation of Dismissal with Prejudice filed by the parties.

11. On or about August, 2013, HIRSCH was assigned to be a regular full-time science teacher at Melody Stem School. From the very beginning of his tenure at Melody, HIRSCH has been subjected to disparate treatment and retaliation in that, among other things:

2

(a) He was the only middle school teacher who did not receive textbooks for his classes;

(b) He was the only middle-school teacher who was not provided with laptop computers for use in his class;

(c) Within one (1) month of the beginning of his tenure at Melody he was subjected to an in-class observation which resulted in his being placed in a "performance improvement plan ("PIP");"

(d) Within three (3) days of the PIP, he was "written up for alleged performance issues;

(e) In May 2014, he was accused of "abuse and/or neglect of children in the classroom, and subjected to investigations by the Illinois Department of Children & Family Services – which exonerated him on or about May 20, 2014 – and by CPS's Law Department, which investigation is still pending; and

(f) Since approximately March, 2014, he has been assigned to CPS's "network office" without any duties or responsibilities.

12. On or about March 15, 2014, HIRSCH filed an "Allegation of Violation of Article 44-25" with CPS's Equal Opportunity Compliance Office. To the best of his knowledge, that allegation remains pending.

## COUNT I
## AGE DISCRIMINATION

13. Since that time, HIRSCH has been subjected to disparate treatment and/or retaliation because of his age.

14. As a result of the foregoing ongoing discrimination on the part of CPS, HIRSCH has lost wages and benefits to which he otherwise would have been entitled but/for CPS's unlawful discrimination.

15. CPS has knowingly, intentionally, and willfully discriminated against HIRSCH on the basis of age in violation of ADEA, 29 U.S.C. §623(a).

## DAMAGES

16. As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**WHEREFORE,** Plaintiff prays that this Court:

A. Enter an order finding that Defendant CPS has discriminated against Plaintiff on the basis of age in violation of ADEA;

B. Award Plaintiff damages for lost wages and employment benefits, as well as front pay that he would have received but for the discriminatory acts and practices of Defendant;

C. Award Plaintiff liquidated damages in an appropriate amount;

D. Award reasonable attorney's fees and costs incurred in this action;

E. Order Defendant to cease and desist from discriminating against its employees on the basis of age; and

F. Award such other and further relief as this Court deems is just and appropriate.

## COUNT II
## RETALIATION

17. HIRSCH realleges and restates paragraphs 1-15 of Count I above as though fully set forth as paragraph 17 of Count II.

18. Since August 2013, HIRSCH has filed numerous grievances pursuant to the applicable collective bargaining agreement between CPS and the Chicago Teachers Union protesting, among other things, the discrimination and retaliation on the basis of age to which he has been subjected by CPS, to no avail.

19. Since August 2013, HIRSCH has been continuously subjected to retaliation for exercising his rights under the law by filing charges with the CPS's Equal Opportunity Compliance Office and the EEOC, as well as by filing grievances pursuant to the applicable collective bargaining agreement between CPS and the Chicago Teachers Union in that, among other things, he has been relieved of his teaching responsibilities; he has been subjected to unfounded performance

and other accusations; and, on information and belief, HIRSCH has been denoted by CPS to those persons within CPS responsible for hiring/supervising as a person who has filed a charges, lawsuits, and/or grievances against CPS internally and with a government entity and/or pursuant to the applicable collective bargaining agreement, thereby implicitly clouding his reputation at various schools.

20.  As a result of the foregoing ongoing discrimination and retaliation on the part of CPS, HIRSCH has lost wages and benefits to which he otherwise would have been entitled but/for CPS's unlawful discrimination.

21.  CPS has knowingly, intentionally, and willfully discriminated against and retaliated against HIRSCH on the basis of age in violation of ADEA, 29 U.S.C. §623(a), and for exercising his rights under the law in violation of ADEA, 29 U.S.C. §623(d).

## DAMAGES

22.  As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**WHEREFORE,** Plaintiff prays that this Court:
- A. Enter an order finding that Defendant CPS has retaliated against Plaintiff for exercising his rights under ADEA;
- B. Award Plaintiff damages for lost wages and employment benefits, as well as front pay that he would have received but for the discriminatory and retaliatory acts and practices of Defendant;
- C. Award Plaintiff liquidated damages in an appropriate amount;
- D. Award reasonable attorney's fees and costs incurred in this action;
- E. Order Defendant to cease and desist from retaliating against its employees for exercising their rights under the law; and

Award such other and further relief as this Court deems is just and appropriate.

## COUNT III
## RACIAL DISCRIMINATION

23. HIRSCH realleges and restates paragraphs 1-15 of Count I above as though fully set forth as paragraph 23 of Count III.

24. On information and belief, HIRSCH was one of CPS's only Caucasian teachers at Melody and was subjected to disparate treatment as stated above.

25. Other similarly situated non-white CPS employees have not been subjected to the same or similar treatment, in violation of Title VII, 42 U.S.C. §2000e-2(a).

26. As a result of the foregoing racial discrimination on the part of CPS, HIRSCH has lost wages and benefits to which he was entitled as a result of CPS unlawful discrimination and unlawful suspension.

## DAMAGES

27. As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**WHEREFORE,** Plaintiff prays that this Court:

A. Enter an order finding that Defendant CPS has discriminated against Plaintiff on the basis of race in violation of Title VII;

B. Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that he would have received but for the discriminatory acts and practices of Defendant;

C. Award Plaintiff compensatory and/or liquidated damages in an appropriate amount;

D. Award reasonable attorney's fees and costs incurred in this action;

E. Order Defendant to cease and desist from discriminating against its employees on the basis of race; and

G. Award such other and further relief as this Court deems is just and appropriate.

## COUNT IV
## RELIGIOUS DISCRIMINATION

28.     HIRSCH realleges and restates paragraphs 1-15 of Count I above as though fully set forth as paragraph 28 of Count IV.

29.     On information and belief, HIRSCH was one of CPS's only Jewish employees at Melody and was subjected to disparate treatment as stated above.

30.     Other similarly situated non-Jewish CPS employees have not been subjected to the same or similar treatment, in violation of Title VII, 42 U.S.C. §2000e-2(a).

31.     As a result of the foregoing religious discrimination on the part of CPS, HIRSCH has lost wages and benefits to which he was entitled as a result of CPS unlawful discrimination and unlawful suspension.

## DAMAGES

32.     As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**WHEREFORE,** Plaintiff prays that this Court:

A.  Enter an order finding that Defendant CPS has discriminated against Plaintiff on the basis of religion in violation of Title VII;

B.  Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that he would have received but for the discriminatory acts and practices of Defendant;

C.  Award Plaintiff compensatory and/or liquidated damages in an appropriate amount;

D.  Award reasonable attorney's fees and costs incurred in this action;

E.  Order Defendant to cease and desist from discriminating against its employees on the basis of race; and

F.  Award such other and further relief as this Court deems is just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                  Respectfully submitted,

                                  MAYNARD HIRSCH, Plaintiff.

                                  By: /s/ Kenneth A. Henry
                                  Kenneth A. Henry, his attorney

Kenneth A. Henry, Esq. (ARDC No. 1193457)
One North LaSalle Street, Suite 2200
Chicago, Illinois 60602-3912
Tel: 312.857.0100/Fax: 312.857.1157
khenry@kahlaw.com