# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MAYNARD HIRSCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-CV-05739 |
| v. | ) | |
| | ) | Judge Ruben Castillo |
| BOARD OF EDUCATION of the CITY OF | ) | Magistrate Jeffrey T. Gilbert |
| CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO'S
## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant Board of Education of the City of Chicago (the "Board") submits this

Answer, Affirmative Defenses and Jury Demand in response to Plaintiff Maynard

Hirsch's ("Plaintiff") Complaint (Docket #1) and states:

## NATURE OF ACTION, JURISDICTION AND VENUE

1.      This is an action for damages and equitable relief to redress the
deprivation of rights secured to Plaintiff by virtue of the Age Discrimination in
Employment Act of 1967, 29 U.S.C. §621 et seq. ("ADEA"), and by virtue of Title VII of
the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended by the Civil Rights
Act of 1991, 42 U.S.C. § 1981A [sic].

## ANSWER:

**The Board admits the allegations in Paragraph 1 that Plaintiff pursues claims**

**under the ADEA and Title VII, but denies it has violated those or any other laws and**

**that Plaintiff is entitled to any relief whatsoever.**

2.      Jurisdiction of this Court is invoked pursuant to the provisions of 28
U.S.C. §1331 and 28 U.S.C. §1343(a)(3), and Sections 7(b) and (c) of the ADEA, 29
U.S.C.§626(b) and (c), and 42 U.S.C. § 2000e-5, 42 U.S.C. § 1988, and 42 U.S.C. § 12117

**ANSWER:**

The Board admits this Court has federal question jurisdiction over this suit because Plaintiff asserts ADEA and Title VII claims. The Board further admits Plaintiff purports to invoke the Court's jurisdiction pursuant to all statutes identified in Paragraph 2, but denies jurisdiction exists based on all such statutes. Specifically, the Board denies this Court has jurisdiction over this case pursuant to: (a) 28 U.S.C. §1343(a)(3), given that Plaintiff does not assert any constitutional claim for violation of a state law; (b) 42 U.S.C. § 1988, given that Plaintiff does not assert any claim identified in that statute; or (c) 42 U.S.C. § 12117, given that Plaintiff does not complain of alleged disability discrimination.

3.      Venue is proper in this District and Division by virtue of 28 U.S.C. § 1391(b) in that the deprivation of rights complained of herein occurred in this District and Division.

**ANSWER:**

The Board denies the allegation in Paragraph 3 that any "deprivation of rights" occurred, but admits venue is proper in this District and Division.

4.      Plaintiff has met all administrative prerequisites to suit in that, on April 28, 2014, HIRSCH filed a timely charge of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission as Charge No. 440-2014-03341, a copy of which is attached hereto and made a part hereof as Exhibit A. Plaintiff received a "Dismissal and Notice of Rights" letter on or about May 5, 2014, a copy of which is attached hereto and made a part hereof as Exhibit B, and brings this action within the limitations period of 29 U.S.C. § 626(e) and 42 U.S.C. § 2000e, et seq.

**ANSWER:**

The Board denies the allegation in Paragraph 4 that Plaintiff "has met all administrative prerequisites to suit"; he has not done so to the extent his April 28,

2014, administrative charge does not encompass all the bases for his claims in this case. The Board admits the remaining allegations in Paragraph 4.

PARTIES

5.    MAYNARD HIRSCH ("Plaintiff" or "HIRSCH"), at all times relevant hereto, was a Caucasian Jewish male at least forty (40) years of age and was a resident of Cook County, Illinois. From August 2005 to the present time, Plaintiff has been an employee of Defendant Board of Education of the City of Chicago.

ANSWER:

The Board admits the allegation in Paragraph 5 that Plaintiff is Caucasian, based on his self-reported status reflected in Board personnel records. The Board admits Plaintiff's self-reported birth year reflected in Board personnel records is 1948, making him at least forty (40) years of age at the time of the events described in the Complaint. The Board admits the allegation in Paragraph 5 that the Board hired Plaintiff in August 2005, but denies he has been continuously employed by the Board since his hiring. The Board lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5.

6.    Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO ("Defendant" or "CPS"), is and was, at all relevant times, an employer within the definition of 29 U.S.C. §630(b). At all times relevant hereto, Defendant has been engaged in the business of operating public schools in the City of Chicago.

ANSWER:

The Board admits the allegations in Paragraph 6.

COMMON ALLEGATIONS

7.    At all times relevant hereto, CPS was aware that HIRSCH was forty (40) years of age or older, Caucasian, and Jewish.

**ANSWER:**

**To the extent Plaintiff means by "CPS was aware" (as used in Paragraph 7) that Board personnel records contained such information, the Board admits it is aware Plaintiff is Caucasian and forty (40) years of age or older, based on his self-reported status reflected in Board personnel records, but denies Board personnel records reflect that Plaintiff is Jewish and therefore deny the Board was aware "at all times relevant hereto" that Plaintiff was Jewish.**

8.      At all times relevant hereto, HIRSCH has performed his job in a manner that was satisfactory or better, has always met or exceeded CPS's expectations; and has never been disciplined for abuse, neglect or performance related reasons.

**ANSWER:**

**The Board admits the allegation in Paragraph 8 that Plaintiff has not, at this time, been disciplined for abuse. The Board denies the remaining allegations in that Paragraph.**

9.      From 2010 to the present, HIRSCH has filed numerous grievances against CPS pursuant to the collective bargaining agreement(s) by and between CPS and the Chicago Teachers Union.

**ANSWER:**

**The Board admits the allegations in Paragraph 9.**

10.      In 2010 and 2012, HIRSCH filed two (2) charges of age discrimination and retaliation against [sic] with the United States Equal Employment Opportunity Commission ("EEOC") against CPS [sic], EEOC Charge Nos. 440-201-01560 [sic] and 440-2012-01445. Subsequently, on or about January 27, 2012, HIRSCH filed an action against CPS for age discrimination and retaliation in the United States District Court for the northern [sic] District of Illinois, Civil Action Number 12 CV-00520. This case was settled by the parties and, on August 29, 2013, the case was dismissed pursuant to the Stipulation of Dismissal with Prejudice filed by the parties.

**ANSWER:**

The Board admits the allegations in Paragraph 10 that Plaintiff filed two charges with the EEOC in 2010 and 2012 and that the 2012 charge was numbered 440-2012-01445. The Board denies the allegation in Paragraph 10 that the 2010 charge was numbered "440-201-01560"; rather, it was 440-2010-01560. The Board denies the allegation in Paragraph 10 that Plaintiff's 2010 and 2012 EEOC charges alleged "age discrimination and retaliation"; rather, the 2010 charge alleged only age discrimination, while the 2012 charge alleged age discrimination and retaliation. The Board admits the allegation in Paragraph 10 that Plaintiff filed Case No. 12-CV-00520 against the Board in the United States District Court for the Northern District of Illinois. However, the Board denies the allegations in Paragraph 10 that such suit was filed on January 27, 2012; Plaintiff filed that case on January 24, 2012. The Board denies Plaintiff's 2012 lawsuit initially contained allegations of retaliation; his Original Complaint alleged only age discrimination, and Plaintiff amended that Complaint to add a retaliation claim on April 27, 2012. The Board admits the allegation in Paragraph 10 that the case was settled and, on August 29, 2013, dismissed with prejudice pursuant to a stipulation the parties filed.

11.     On or about August, 2013, HIRSCH was assigned to be a regular full-time science teacher at Melody Stem School. From the very beginning of his tenure at Melody, HIRSCH has been subjected to disparate treatment and retaliation in that, among other things:

(a)     He was the only middle school teacher who did not receive textbooks for his classes;

(b)     He was the only middle-school teacher who was not provided with laptop computers for use in his class;

(c)     Within one (1) month of the beginning of his tenure at Melody he

was subjected to an in-class observation which resulted in his being placed in a "performance improvement plan ("PIP");

   (d) Within three (3) days of the PIP, he was "written up for alleged performance issues;

   (e) In May 2014, he was accused of "abuse and/or neglect of children in the classroom, and subjected to investigations by the Illinois Department of Children & Family Services – which exonerated him on or about May 20, 2014 – and by CPS's Law Department, which investigation is still pending; and

   (f) Since approximately March, 2014, he has been assigned to CPS's "network office" without any duties or responsibilities.

## ANSWER:

  The Board denies the allegation in Paragraph 11 that Plaintiff was assigned to Genevieve Melody School ("Melody") in August 2013; rather, Board records reflect that he was administratively transferred to Melody effective July 1, 2013. The Board denies the allegation in Paragraph 11 that Plaintiff was subjected to "disparate treatment and retaliation" at Melody. The Board denies the allegation in Paragraph 11(a) that Plaintiff "was the only middle school teacher who did not receive textbooks for his classes." The Board denies the allegation in Paragraph 11(b) that Plaintiff "was the only middle-school teacher who was not provided with laptop computers for use in his class." The Board admits the allegation in Paragraph 11(c) that, on or about September 26, 2013, Plaintiff's Principal conducted in in-class observation, but denies he "was subjected to" such an observation; the Board further admits the allegation that Plaintiff was then placed in a performance improvement process ("PIP"). The Board denies the allegation in Paragraph 11(d) that, "Within three (3) days of the PIP, he was "written up for alleged performance issues." The Board admits the allegation in Paragraph 11(e) that the Board believed Plaintiff engaged in "abuse and/or neglect of children in the classroom" with respect to an

incident between Plaintiff and a student, but denies that occurred "[i]n May 2014"; rather, the incident occurred in March 2014. The Board admits the allegation in Paragraph 11(e) that Plaintiff was investigated by the Illinois Department of Children & Family Services ("DCFS"). The Board denies the allegation in Paragraph 11(e) that DCFS "exonerated" Plaintiff "on or about May 20, 2014"; while DCFS determined the report involving Plaintiff's alleged conduct to be "unfounded," the agency stated: "This does not necessarily mean that an incident did not occur. An incident may have occurred but the evidence did not rise to the level required to indicate for abuse or neglect as dictated by state law and DCFS Administrative Rule." The Board admits the allegation in Paragraph 11(e) that its Law Department also investigated the abuse allegations against Plaintiff, but denies the allegation that such "investigation is still pending." Because Plaintiff was assigned to a Network office on March 27, 2014 (with pay) and suspended without pay from the Board on August 20, 2014, the Board denies the allegation in Paragraph 11(f) that "[s]ince approximately March, 2014[, he] … has been assigned to CPS's "network office" without any duties or responsibilities."

12. On or about March 15, 2014, HIRSCH filed an "Allegation of Violation of Article 44-25" with CPS's Equal Opportunity Compliance Office. To the best of his knowledge, that allegation remains pending.

**ANSWER:**

The Board admits that, on March 16, 2014, its Equal Opportunity Compliance Office ("EOCO") received a complaint by Plaintiff dated March 15, 2014, and that the EOCO's investigation remains open.

## COUNT I
## AGE DISCRIMINATION

13.    Since that time HIRSCH has been subjected to disparate treatment and/or retaliation because of his age.

**ANSWER:**

**The Board does not know what Plaintiff means by "[s]ince that time" as used in Paragraph 13, and therefore, the Board lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph. The Board denies, however, that it subjected Plaintiff to any unlawful conduct, including "disparate treatment and/or retaliation because of his age."**

14.    As a result of the foregoing ongoing discrimination on the part of CPS, HIRSCH has lost wages and benefits to which he otherwise would have been entitled but/for CPS's unlawful discrimination.

**ANSWER:**

**The Board denies the allegations in Paragraph 14 and specifically denies Plaintiff was subjected to unlawful discrimination or suffered any damages due to alleged unlawful conduct by the Board.**

15.    CPS has knowingly, intentionally, and willfully discriminated against HIRSCH on the basis of age in violation of ADEA, 29 U.S.C. §623(a).

**ANSWER:**

**The Board denies the allegations in Paragraph 15 and specifically denies Plaintiff was subjected to unlawful discrimination.**

16.    As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

8

**ANSWER:**

The Board denies the allegations in Paragraph 16 and specifically denies Plaintiff was subjected to unlawful discrimination, suffered any damages due to alleged unlawful conduct by the Board or is entitled to any relief whatsoever.

**COUNT II**
**RETALIATION**

17.     HIRSCH realleges and restates paragraphs 1-15 of Count I above as though fully set forth as paragraph 17 of Count II.

**ANSWER:**

The Board incorporates and realleges its answers to Paragraphs 1-15 above.

18.     Since August 2013, HIRSCH has filed numerous grievances pursuant to the applicable collective bargaining agreement between CPS and the Chicago Teachers Union protesting, among other things, the discrimination and retaliation on the basis of age to which he has been subjected by CPS, to no avail.

**ANSWER:**

The Board admits the allegation in Paragraph 18 that Plaintiff has filed at least three grievances pursuant to the applicable collective bargaining agreement since August 2013. However, the Board denies the remaining allegations in Paragraph 18, given that in none of the grievances did Plaintiff complain of alleged "discrimination and retaliation on the basis of age."

19.     Since August 2013, HIRSCH has been continuously subjected to retaliation for exercising his rights under the law by filing charges with the CPS's Equal Opportunity Compliance Office and the EEOC, as well as by filing grievances pursuant to the applicable collective bargaining agreement between CPS and the Chicago Teachers Union in that, among other things, he has been relieved of his teaching responsibilities; he has been subjected to unfounded performance and other accusations; and, on information and belief, HIRSCH has been denoted by CPS to those persons within CPS responsible for hiring/supervising as a person who has filed a charges, lawsuits, and/or grievances against CPS internally and with a government

entity and/or pursuant to the applicable collective bargaining agreement, thereby implicitly clouding his reputation at various schools.

**ANSWER:**

**The Board admits the allegation in Paragraph 19 that Plaintiff has been at least temporarily "relieved of his teaching responsibilities," given that Plaintiff was assigned to a Network office on March 27, 2014 (with pay) and suspended without pay from the Board on August 20, 2014. The Board also admits the allegation in Paragraph 19 that Plaintiff has filed grievances pursuant to the collective bargaining agreement, as well as at least one complaint with the Board's Equal Opportunity Compliance Office. The Board denies the remaining allegations in Paragraph 19 and specifically denies Plaintiff was subjected to unlawful retaliation, suffered any damages due to alleged unlawful conduct by the Board or is entitled to any relief whatsoever.**

20. As a result of the foregoing ongoing discrimination and retaliation on the part of CPS, HIRSCH has lost wages and benefits to which he otherwise would have been entitled but/for CPS's unlawful discrimination.

**ANSWER:**

**The Board denies the allegations in Paragraph 20 and specifically denies Plaintiff was subjected to unlawful discrimination or retaliation.**

21. CPS has knowingly, intentionally, and willfully discriminated against and retaliated against HIRSCH on the basis of age in violation of ADEA, 29 U.S.C. §623(a), and for exercising his rights under the law in violation of ADEA, 29 U.S.C. §623(d).

**ANSWER:**

**The Board denies the allegations in Paragraph 21 and specifically denies Plaintiff was subjected to unlawful discrimination or retaliation.**

## DAMAGES

22.     As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**ANSWER:**

**The Board denies the allegations in Paragraph 22 and specifically denies**

**Plaintiff was subjected to unlawful discrimination or retaliation or is entitled to any**

**relief whatsoever.**

**WHEREFORE**, Plaintiff prays that this Court:

A.     Enter an order finding that Defendant CPS has retaliated against Plaintiff for exercising his rights under ADEA
B.     Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that he would have received but for the discriminatory and retaliatory acts and practices of Defendant;
C.     Award Plaintiff liquidated damages in an appropriate amount;
D.     Award reasonable attorney's fees and costs incurred in this action;
E.     Order Defendant to cease and desist from retaliating against its employees for exercising their rights under the law; and
Award such other and further relief as this Court deems is just and appropriate.

**ANSWER:**

**The Board denies the allegations in this Paragraph and specifically denies**

**Plaintiff was subjected to unlawful discrimination or retaliation or is entitled to any**

**relief whatsoever.**

## COUNT III
## RACIAL DISCRIMINATION

23.     HIRSCH realleges and restates paragraphs 1-15 of Count I above as though fully set forth as paragraph 23 of Count III.

**ANSWER:**

The Board incorporates and realleges its answers to Paragraphs 1-15 above.

24.     On information and belief, HIRSCH was one of CPS's only Caucasian teachers at Melody and was subjected to disparate treatment as stated above.

**ANSWER:**

The Board denies the allegation in Paragraph 24 that Plaintiff "was one of CPS's only Caucasian teachers at Melody." The Board denies the remaining allegations in Paragraph 24, including that Plaintiff was "subjected to disparate treatment" or otherwise treated unlawfully.

25.     Other similarly situated non-white CPS employees have not been subjected to the same or similar treatment, in violation of Title VII, 42 U.S.C. §2000e-2(a).

**ANSWER:**

The Board denies the allegations in Paragraph 25 and specifically denies Plaintiff was subjected to unlawful discrimination.

26.     As a result of the foregoing racial discrimination on the part of CPS, HIRSCH has lost wages and benefits to which he was entitled as a result of CPS [sic] unlawful discrimination and unlawful suspension.

**ANSWER:**

The Board denies the allegations in Paragraph 26 and specifically denies Plaintiff was subjected to unlawful discrimination or an unlawful suspension or is entitled to any relief whatsoever.

## DAMAGES

27.     As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of

appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**ANSWER:**

The Board denies the allegations in Paragraph 27 and specifically denies Plaintiff was subjected to unlawful discrimination or is entitled to any relief whatsoever.

**WHEREFORE**, Plaintiff prays that this Court:
A.  Enter an order finding that Defendant CPS has discriminated against Plaintiff on the basis of race in violation of Title VII;
B.  Award Plaintiff damages for lost wages and employment benefits, as well as front pay, that he would have received but for the discriminatory and retaliatory acts and practices of Defendant;
C.  Award Plaintiff compensatory and/or liquidated damages in an appropriate amount;
D.  Award reasonable attorney's fees and costs incurred in this action;
E.  Order Defendant to cease and desist from discriminating against its employees on the basis of race; and
G.  Award such other and further relief as this Court deems is just and appropriate.

**ANSWER:**

The Board denies the allegations in this Paragraph and specifically denies Plaintiff was subjected to unlawful discrimination or is entitled to any relief whatsoever.

## COUNT IV
## RELIGIOUS DISCRIMINATION

28.  HIRSCH realleges and restates paragraphs 1-15 of Count I above as though fully set forth as paragraph 28 of Count IV.

**ANSWER:**

The Board incorporates and realleges its answers to Paragraphs 1-15 above.

29.  On information and belief, HIRSCH was one of CPS's only Jewish

employees at Melody and was subjected to disparate treatment as stated above.

**ANSWER:**

**The Board lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 29 that Plaintiff "was one of CPS's only Jewish employees at Melody." The Board denies the remaining allegations in Paragraph 29 and specifically denies Plaintiff was subjected to unlawful discrimination or "disparate treatment."**

30.    Other similarly situated non-Jewish CPS employees have not been subjected to the same or similar treatment, in violation of Title VII, 42 U.S.C. §2000e-2(a).

**ANSWER:**

**The Board denies the allegations in Paragraph 30 and specifically denies Plaintiff was subjected to unlawful discrimination.**

31.    As a result of the foregoing religious discrimination on the part of CPS, HIRSCH has lost wages and benefits to which he was entitled as a result of CPS [sic] unlawful discrimination and unlawful suspension.

**ANSWER:**

**The Board denies the allegations in Paragraph 31 and specifically denies Plaintiff was subjected to unlawful discrimination or is entitled to any relief whatsoever.**

## DAMAGES

32.    As a proximate result of the foregoing facts, Plaintiff has suffered loss of salary, the value of lost benefits, loss of student loan forgiveness, incidental damages, and pain and suffering in the form of emotional distress, depression, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

**ANSWER:**

The Board denies the allegations in Paragraph 32 and specifically denies Plaintiff was subjected to unlawful discrimination or is entitled to any relief whatsoever.

WHEREFORE, Plaintiff prays that this Court:

A. Enter an order finding that Defendant CPS has discriminated against Plaintiff on the basis of religion in violation of Title VII;

B. Award Plaintiff damages for lost wages and employment benefits, as well as front pay that he would have received but for the discriminatory and retaliatory acts and practices of Defendant;

C. Award Plaintiff compensatory and/or liquidated damages in an appropriate amount;

D. Award reasonable attorney's fees and costs incurred in this action;

E. Order Defendant to cease and desist from discriminating against its employees on the basis of race; and

F. Award such other and further relief as this Court deems is just and appropriate.

**ANSWER:**

The Board denies the allegations in this Paragraph and specifically denies Plaintiff was subjected to unlawful discrimination or is entitled to any relief whatsoever.

The Board denies all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims based on any allegations he failed to raise before the Equal Employment Opportunity Commission ("EEOC") are barred.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims based on any allegations which occurred more than 300 days before he filed his EEOC charge are barred.

## THIRD AFFIRMATIVE DEFENSE

The Board and its agents acted in good faith, in conformity with, and in reliance on written rulings or enforcement policies with regard to all applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

The Board established a reasonably accessible procedure by which alleged victims of discrimination, harassment, retaliation or other inappropriate activities could make their complaints known to appropriate officials who were in a position to respond to complaints. To the extent Plaintiff unreasonably failed to use such procedures or otherwise avoid harm, his claims are barred.

## FIFTH AFFIRMATIVE DEFENSE

With respect to his ADEA discrimination claim, Plaintiff cannot show by a preponderance of the evidence that age was the "but-for" cause of any employment decision regarding Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages as a result of any actions taken by the Board, he has failed to properly mitigate his damages.

## JURY DEMAND

The Board demands trial by jury.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO**

James L. Bebley,
General Counsel

By:    s/*Lisa A. Dreishmire*
       Senior Assistant General Counsel
       Board of Education of the
       City of Chicago - Law Department
       125 South Clark Street, Suite 700
       Chicago, Illinois 60603
       (773) 553-1700

## CERTIFICATE OF SERVICE

I caused a copy of the foregoing document to be served upon counsel of record via CM-EMF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on October 15, 2014.

s/*Lisa A. Dreishmire*